# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-2534

_____

Grady Newingham,                                    *
                                                    *
                    Appellant,                      *
                                                    *    Appeal from the United States
          v.                                        *    District Court for the
                                                    *    Eastern District of Arkansas.
David Westbrook, Sgt., Maximum                      *
Security Unit, ADC; Turoty Hayes,                   *          [UNPUBLISHED]
CO-I, Maximum Security Unit, ADC;                   *
Greg Harmon, Warden, Maximum                        *
Security Unit, ADC; Kay Wade,                       *
Corporal, Maximum Security Unit,                    *
ADC,                                                *
                                                    *
                    Appellees.                      *

_____

Submitted: September 19, 2006
Filed:  November 1, 2006

_____

Before MAGILL, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Grady Newingham, an Arkansas prisoner, appeals the district court's order denying his motion to reinstate and amend his previously dismissed 42 U.S.C. § 1983 action. He also has moved to proceed in forma pauperis (IFP) on appeal. Leaving fee collection to the district court, we grant Newingham IFP status, and we remand.

In May 2002 and September 2003, Newingham filed two section 1983 actions that were consolidated in the district court. He claimed that various prison officials were deliberately indifferent to his safety and had conspired to cover up an April 2001 assault on him. The district court dismissed the complaint for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). On appeal we affirmed, stating dismissal without prejudice was merited because Newingham had not shown exhaustion as to his claim against one defendant. See Newingham v. Westbrook, 140 Fed. Appx. 634 (8th Cir. Aug. 9, 2005) (unpublished per curiam).

In April 2006, Newingham moved to reinstate and amend his dismissed civil action to delete any unexhausted claims. The district court summarily denied the motion.

While the federal rules do not provide specifically for a motion to reinstate, there is precedent in this circuit for liberally construing such a motion as initiating a new civil action. See Miller v. Norris, 247 F.3d 736, 738-39 (8th Cir. 2001) (so construing pro se "Motion to Reinstate Cause" filed two months after dismissal of prisoner's § 1983 action for failure to exhaust administrative remedies). We therefore construe Newingham's April 20, 2006, motion to reinstate as initiating a new civil action, with the motion to be treated as the initial complaint, open to amendment, see Fed. R. Civ. P. 15(a). Newingham's clear intent is to proceed on a section 1983 action with only exhausted claims. If on remand defendants contend that any claim is unexhausted, the district court should afford Newingham the opportunity to demonstrate exhaustion and to excise any unexhausted claim.

Accordingly, we vacate the order denying the motion to reinstate, and remand for the district court to open a separate civil action as of April 20, 2006, treating the served reinstatement motion as the served initial complaint in the new action.

_____